**MILSTEIN ADELMAN, LLP**
Gillian L. Wade (Cal. Bar No. 229124)
Sara D. Avila (Cal.Bar No. 263213)
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

Attorneys for Plaintiff Anthony Benavides

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Fax: (213) 239-5199

Dean N. Panos (*pro hac vice*)
Richard P. Steinken (*pro hac vice*)
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Fax: (312) 527-0484

Attorneys for Defendants
Kellogg Co., Kellogg USA, Inc., Kellogg Sales Co.

Additional Counsel listed in Signature Block

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BENAVIDES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KELLOGG COMPANY, a Delaware corporation; KELLOGG USA, INC., a Michigan corporation; KELLOGG SALES COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV10-02294-JST (PJWx)<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br>PATRICK J. WALSH<br>Hon. ~~Josephine Staton Tucker~~ |

Plaintiff Anthony Benavides ("Plaintiff") and Defendants Kellogg Company, Kellogg USA, Inc., Kellogg Sales Company (collectively "Kellogg"), by their undersigned counsel, believe that good cause exists for the entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26.

This action involves claims under two California consumer protection statutes and arises from Kellogg's manufacture and sale of certain snack products that were contaminated with *Salmonella* bacteria and the subsequent recall of the potentially contaminated products. Discovery already served on Kellogg in this action has called for production of documents and information that Kellogg considers confidential, proprietary, or trade secret business information, including sales and pricing analysis and information; marketing and promotional materials and information; internal quality control and safety policies and procedures; and other nonpublic information that is of significant competitive importance. The public disclosure of such information would prejudice Kellogg's competitive position in the marketplace. Discovery also has called for Kellogg to produce documents and other detailed information that will disclose the names, addresses, and private medical history of individuals who consumed Kellogg's products, all of which information should be kept confidential in order to protect the privacy of these consumers. Discovery to be served on Plaintiff in this action also will request production of documents and information concerning private medical records and history, and other confidential, non-public information.

The Parties, therefore STIPULATE AND AGREE to entry of the following Protective Order and to abide by its terms:

1. As used in this Stipulated Protective Order (this "Order"), the following terms shall have the meanings as defined herein.

   a. The term "this Action" shall mean and refer to the matter styled, *Benavides v. Kellogg Company, Kellogg USA, Inc., Kellogg Sales*

*Company*, United States District Court, Central District of California, Case No. CV10-02294-JST (PJWx).

    b.    The term "producer" or "producing party" shall mean a party to this Action, or a non-party that produces information and/or documentation, including, but not limited to, responses to interrogatories, responses to request for production, responses to requests for admission, experts' statements, documents, deposition testimony, and responses to subpoena in this Action. The term "receiving party" shall mean the recipient of any such information and/or documentation.

    2.    This Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including document productions, interrogatory answers, responses to requests for admissions, depositions, and discovery materials otherwise produced or provided to the parties by non-parties pursuant to judicial procedures (collectively defined as "Litigation Materials"). All Litigation Materials produced in the course of the Litigation shall be used solely for the purposes of preparing for and conducting the Litigation and for no other purpose whatsoever. No Litigation Materials, whether or not designated as confidential by the terms of this Order, may be used or disseminated to any person or entity other than the attorneys of record, the parties to the Litigation, expert witnesses, or the Court, as provided for in this Protective Order.

    3.    Any party or non-party may designate Litigation Materials produced, used or disclosed in connection with this Action as "CONFIDENTIAL" and subject to the protections and requirements of this Order by stamping or otherwise writing "CONFIDENTIAL" on documents produced, or orally or by letter if recorded as part of a deposition or court record, pursuant to the terms of this Order.

4. Only Litigation Materials that a party believes in good faith constitute or contain nonpublic, confidential information or proprietary information that is not generally available to or accessible by the general public may be designated as "CONFIDENTIAL."

5. Documents that are produced for inspection shall be treated as "CONFIDENTIAL " pursuant to this Order, whether or not marked, until copies (if any) of the documents are requested and produced. Produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the producing party, once copied.

6. Information conveyed or discussed in testimony at a deposition or hearing shall be subject to this Order provided it is designated as "CONFIDENTIAL" orally or in writing either (i) at the time such testimony is given or (ii) within 20 days of receipt by the parties of the transcript of such testimony. Counsel for the parties may, if desired, agree on the record during testimony that the entire deposition transcript, and the information contained therein, is to be initially treated as "CONFIDENTIAL" for a period of time not to exceed 20 days after the testifying party receives a copy of the deposition transcript, during which time the testifying party may designate, in writing, specific portions of the transcript as "CONFIDENTIAL" as appropriate.

7. Subject to the provisions above, the failure to designate Litigation Materials as "CONFIDENTIAL" in accordance with this Order, and/or the failure to object to such a designation shall not preclude a party at a later time from subsequently designating or objecting to designation of such Litigation Materials as "CONFIDENTIAL." No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time thereafter.

8. If any party objects to the designation of any Litigation Materials as "CONFIDENTIAL", that party shall state the objection in a letter to counsel for the party making the designation. If the dispute cannot be resolved by agreement, the parties shall have the right, on reasonable notice, to apply to the Court to have the materials designated as non-confidential. Until the Court rules on the motion, the information at issue shall continue to be treated as designated. This Order shall also be without prejudice to the right of a party or non-party to apply to the Court for relief from any of the requirements hereof, for good cause.

9. Other than the producing party, any information or document designated as "CONFIDENTIAL" shall be used (other than by the producing party) solely in connection with this Action and shall not be disclosed to anyone other than:

    a. the Court, and Court personnel;

    b. the parties to this Action and clerical employees thereof, provided that

        (i) such disclosure may be needed to assist in the prosecution or defense of this Action; and;

        (ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons and their clerical personnel;

        (iii) counsel for the parties (including but not limited to counsel of record, and in-house counsel of the parties) and their employees;

        (iv) testifying experts, investigators, consulting experts and advisors provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute a Declaration in the form of Exhibit A,

attached hereto, and the procedures of Paragraph 12 must be followed;

(v) persons testifying in depositions or court proceedings to the extent the "CONFIDENTIAL" document or information was authored by or addressed to the person testifying or such person is knowledgeable of such information or contents of the document prior to the testimony; and

(vi) such other persons as the parties may designate in writing by stipulation or orally agree upon the record at a deposition in this Action, provided, however, that unless the person otherwise qualifies for access to such information or documents pursuant to this order, before any such persons are shown or receive any information or document designated as "CONFIDENTIAL" they must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in this Action to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of such a deponent, unless the deponent qualifies for access to such documents pursuant to this Order.

10. The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form of Exhibit A hereto) which have been executed by that party and/or its employees and that party's witnesses, court reports, testifying experts, investigators, consultants and advisors.

11. Motion papers or other Court filings, including exhibits, that disclose protected material shall be the subject of an application to file the protected material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United

States District Court for the Central District of California and General Order 08-02. Whenever any document designated as "CONFIDENTIAL" is filed with the Court, such document or pleading shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL UNDER PROTECTIVE ORDER."

12. Unless otherwise permitted herein, within sixty (60) days after the final disposition of this Action, including all appeals therefrom, all documents designated as "CONFIDENTIAL," all copies of documents designated as "CONFIDENTIAL"," and all excerpts therefrom in the possession, custody or control of parties other than the producing party shall be destroyed or returned to counsel for the producing party. The parties and their counsel shall separately provide written certification to the producing party within sixty (60) days after the final disposition of this Action that the actions required by this paragraph have been completed.

13. The Court shall retain jurisdiction over the parties and any subpoenaed third parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment, modification or addition to this Order. This Order may only be amended or modified by written stipulation of the parties or by order of the Court.

14. The designation of materials as "CONFIDENTIAL" is not admissible before any trier of fact and in no way implies that the party so designating the materials believes such materials are of any significance to this litigation. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents

designated as "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this Action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this lawsuit.

15. This Order shall not control the use of any evidence during the trial or any hearing of this case. Nor shall anything herein preclude any party or non-party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

16. The parties producing subject to this Order agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date. This Order shall survive the termination of this Action and continue in full force and effect unless waived by the written consent of the producer. If any party ceases its involvement in this Action, by settlement or otherwise, such party shall comply with the terms of this Order within a reasonable time thereafter.

17. If a party to this Order in possession of Litigation Materials receives a subpoena from a non-party seeking the production or other disclosure of Litigation Materials, whether or not such materials have been designated as Confidential, that party shall immediately give written notice to counsel of record for the party who provided the Litigation Materials being sought, which such notice shall include a copy of the subpoena. Where possible, at least seven days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom

such notice has been given, in at least three business days, to take appropriate action, including seeking judicial relief.

18. The inadvertent or unintentional production of information or material protected by the attorney-client privilege or work product doctrine shall not be deemed a waiver in whole or in part of the producing party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

19. This Order may be executed in counterparts, each of which shall be deemed to be an original and all of which shall be deemed one and the same stipulation and agreement.

20. All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity that commits such violation may be subject to such sanctions as the Court, on motion and after a hearing, deems just. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

21. In the event that there is any inadvertent violation of this Order discovered by either party, both parties will take steps to immediately alert and/or correct the disclosure and any inadvertent disclosure that is timely corrected will not be considered a violation of this Order.

Respectfully Submitted, BY AGREEMENT:

| ANTHONY BENAVIDES | KELLOGG COMPANY, KELLOGG USA, INC., and KELLOGG SALES COMPANY |
|---|---|
| /s/ Sara D. Avila | /s/ Kenneth K. Lee |
| savila@milsteinadelman.com | klee@jenner.com |
| By one of His attorneys | By one of their attorneys |

MILSTEIN ADELMAN, LLP
Sara D. Avila, State Bar No. 263213
savila@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street
Suite 3500
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Fax: (213) 239-5199

Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
Richard P. Steinken (admitted *pro hac vice*)
rsteinken@jenner.com
Andrew F. Merrick (admitted *pro hac vice*)
amerrick@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

# ORDER

Based upon the above Stipulation, and good cause appearing, IT IS SO ORDERED.

DATE: June 22, 2011

*/s/ Patrick J. Walsh*

The Honorable ~~Josephine Staton Tucker~~ Patrick J. Walsh

U.S. District Court for the

Central District of California

# EXHIBIT A

## Certificate of Agreement to Stipulated Protective Order

I, _____ , declare under penalty of perjury under the laws of the United States that:

1. My address is _____

   _____ .

2. My present employer is _____

   _____ .

3. My present occupation or job description is _____

   _____

   _____ .

I CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order in the case *Benavides v. Kellogg Company, Kellogg USA, Inc., Kellogg Sales Company*, United States District Court, Central District of California, Case No. CV10-02294-JST (PJWx). (herein, "Protective Order"), that I will not use or disclose to anyone outside the litigation any of the contents of any Confidential Information received under the protection of the Protective Order, and that I am bound by all of the terms and conditions of the Protective Order.

I further agree that I will retain all copies of any of the materials that I receive which have been designated as Confidential Information, and any information derived therefrom, in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order, and that all such copies and any information derived therefrom are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies and any information derived therefrom are to be returned or destroyed as specified in the Protective Order. I acknowledge that such return or the subsequent destruction of such

materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I further understand and agree that by signing this Certificate and accepting production of documents designated "Confidential" that the Court in this case has jurisdiction over me to enforce the terms of the Protective Order, and that I waive any objection to the Court's jurisdiction over me to enforce the terms of the Protective Order. I understand that if I violate the terms of the Protective Order, I could be held in contempt of court.

_____          _____
Date                                                              Signature